**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CONSUELO ROMERO-PELAEZ, : | |
| : | Civil Action No. 3:18-cv-13565-BRM-ZNQ |
| Plaintiff : | |
| : | |
| WALMART; JOHN DOE 1-5 : | |
| (fict.name); and ABC COMPANY/ : | |
| CORPORATION 1-5 (fict.name), : | **CERTIFICATION OF COUNSEL** |
| : | |
| Defendant. : | |

Frank J. Shamy, Esquire, on full age, being duly sworn according to law, certifies as follows:

1. I am an attorney-at-law in the State of New Jersey and the principal of the Law Office of Frank J. Shamy, LLC, which office represents plaintiff, Consuelo Romero-Pelaez, with regard to the within captioned matter. I make this Certification based upon first-hand knowledge, and in support of plaintiff's instant Notice of Motion to compel the deposition of non-party, Craig York, to take place at the Law Office of Frank J. Shamy, LLC on April 28, 2020 at 10:00 a.m.

2. Fed.R.Civ.Pro.37(a)(1) requires the undersigned, as movant with regard to the instant application to provide a Certification delineating the good faith effort made by movant in an attempt to obtain the requested discovery without necessity of filing a formal Notice of Motion. This Certification is being submitted in compliance therewith.

3. Non-party witness Craig York is the object of this instant application, which seeks to compel his deposition. The undersigned is unable to confer directly with Mr. York, as previous correspondence to Mr. York by certified mail was returned with the notation "unclaimed". Additionally, while previous correspondence sent via regular mail to Mr. York by this office was not returned, Mr. York also did not contact this office in response to that correspondence, nor advise this office as to whether he would or would not be appearing for deposition. As this office is not in receipt of any other contact information for Mr. York (i.e., email address and/or telephone number), and since Mr. York has not been responsive to correspondence sent by this

office to him, it is impossible for the undersigned to confer with Mr. York directly in an attempt to resolve this issue.

4. However, the undersigned did personally confer with defense counsel, Alexandra Saites, in an attempt to determine whether this discovery issue could potentially be resolved informally between the parties. Specifically, on March 5, 2020, in the afternoon, the undersigned spoke directly with Ms. Saites and discussed with her whether she believed there was any procedure through which this issue could be resolved prior to the filing of a formal Motion. However, Ms. Saites indicated that she had previously supplied the last known address of Mr. York; that Mr. York was no longer employed by defendant at any location and/or in any capacity; that she was not aware of any other address for Mr. York, other than the last known address previously provided; and that she was not aware of any other potential contact information for Mr. York. Additionally, Ms. Saites indicated that since defendant had no control over Mr. York and/or the ability to produce him for deposition, there were no steps which defendant could take to assist in plaintiff obtaining the deposition of Mr. York or in an effort to resolve this matter informally. Accordingly, the instant Notice of Motion is required.

I certify that the foregoing statements made by me are true I certify that the foregoing statements made by be are true, I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF FRANK J. SHAMY, LLC

Dated: March 10, 2020

FRANK J. SHAMY, ESQUIRE
I.D. No. 016731987
frankjshamylaw@gmail.com
22 Kirkpatrick Street, P.O. Box 915
New Brunswick, NJ 08903
(732) 545-4455
*Counsel for Plaintiff, Consuelo Romero-Pelaez*